JS 44   (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Natalie Bastian, Doreen Bastian, Branford River Spa and Resort, LLC

## DEFENDANTS
Ned Lamont, David Lehman

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin Smith, Norm Pattis
383 Orange Street, 1st Floor, New Haven, CT 06511
203-393-3017

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1   U.S. Government
      Plaintiff

☒ 3   Federal Question
      *(U.S. Government Not a Party)*

❏ 2   U.S. Government
      Defendant

❏ 4   Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                           *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY**         **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane         ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal | ❏ 376 Qui Tam (31 USC |
| ❏ 130 Miller Act | ❏ 315 Airplane Product              Product Liability |  | 28 USC 157 | 3729(a)) |
| ❏ 140 Negotiable Instrument | Liability         ❏ 367 Health Care/ |  |  | ❏ 400 State Reapportionment |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel &              Pharmaceutical |  | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| & Enforcement of Judgment | Slander              Personal Injury |  | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers'              Product Liability |  | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted | Liability         ❏ 368 Asbestos Personal |  | ❏ 835 Patent - Abbreviated | ❏ 460 Deportation |
| Student Loans | ❏ 340 Marine              Injury Product |  | New Drug Application | ❏ 470 Racketeer Influenced and |
| (Excludes Veterans) | ❏ 345 Marine Product              Liability |  | ❏ 840 Trademark | Corrupt Organizations |
| ❏ 153 Recovery of Overpayment | Liability     **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| of Veteran's Benefits | ❏ 350 Motor Vehicle         ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | (15 USC 1681 or 1692) |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle         ❏ 371 Truth in Lending | Act | ❏ 862 Black Lung (923) | ❏ 485 Telephone Consumer |
| ❏ 190 Other Contract | Product Liability     ❏ 380 Other Personal | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | Protection Act |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal              Property Damage | Relations | ❏ 864 SSID Title XVI | ❏ 490 Cable/Sat TV |
| ❏ 196 Franchise | Injury         ❏ 385 Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 850 Securities/Commodities/ |
|  | ❏ 362 Personal Injury -              Product Liability | ❏ 751 Family and Medical |  | Exchange |
|  | Medical Malpractice | Leave Act |  | ❏ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS**     **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 891 Agricultural Acts |
| ❏ 210 Land Condemnation | ☒ 440 Other Civil Rights     **Habeas Corpus:** | ❏ 791 Employee Retirement | ❏ 870 Taxes (U.S. Plaintiff | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 441 Voting         ❏ 463 Alien Detainee | Income Security Act | or Defendant) | ❏ 895 Freedom of Information |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment         ❏ 510 Motions to Vacate |  | ❏ 871 IRS—Third Party | Act |
| ❏ 240 Torts to Land | ❏ 443 Housing/              Sentence |  | 26 USC 7609 | ❏ 896 Arbitration |
| ❏ 245 Tort Product Liability | Accommodations     ❏ 530 General |  |  | ❏ 899 Administrative Procedure |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities -     ❏ 535 Death Penalty | **IMMIGRATION** |  | Act/Review or Appeal of |
|  | Employment     **Other:** | ❏ 462 Naturalization Application |  | Agency Decision |
|  | ❏ 446 Amer. w/Disabilities -     ❏ 540 Mandamus & Other | ❏ 465 Other Immigration |  | ❏ 950 Constitutionality of |
|  | Other         ❏ 550 Civil Rights | Actions |  | State Statutes |
|  | ❏ 448 Education         ❏ 555 Prison Condition |  |  |  |
|  | ❏ 560 Civil Detainee - |  |  |  |
|  | Conditions of |  |  |  |
|  | Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
     Proceeding

❏ 2 Removed from
     State Court

❏ 3 Remanded from
     Appellate Court

❏ 4 Reinstated or
     Reopened

❏ 5 Transferred from
     Another District
     *(specify)*

❏ 6 Multidistrict
     Litigation -
     Transfer

❏ 8 Multidistrict
     Litigation -
     Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983, 1988

Brief description of cause:
Due process violations, unconstitutional taking

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                                    DOCKET NUMBER

DATE
05/28/2020

SIGNATURE OF ATTORNEY OF RECORD
/s/ Kevin M. Smith /s/

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

NATALIE BASTIAN,                          :
DOREEN BASTIAN,                           :
BRANFORD RIVER SPA AND                    :
RESORT, LLC,                              :          DKT No.:
        Plaintiffs,                       :
                                          :
v.                                        :
                                          :
GOVERNOR NED LAMONT                       :
COMISSIONER DAVID LEHMAN                  :
                                          :
        Defendants.                       :          May 28, 2020

## COMPLAINT

*"Those who would give up essential Liberty to purchase a little temporary Safety, deserve neither Liberty nor Safety."* - Benjamin Franklin

1.      This is an action that challenges the unprecedented actions of political leaders who have asked Connecticut citizens to give up all of their constitutional liberties in exchange for a little safety and have totally suspended vital constitutional liberties in the name of a vague public interest that they have been unable to define and continue to redefine daily without transparently explaining their rationale to the public.  It is also an action for declaratory and injunctive relief and money damages for violations of the Plaintiffs' rights under the United States Constitution against the Defendants for their taking of the Plaintiffs' property and their arbitrary, self-serving application of the law. The plaintiffs seek money damages and injunctive relief as to each defendant.

1

**PARTIES**

2.      The Plaintiff, Natalie Bastian, is an adult resident of the State of Connecticut.

3.      The Plaintiff, Doreen Bastian, is an adult resident of the State of Connecticut.

4.      The Plaintiff, Branford River Spa and Resort, LLC (hereinafter "Branford River Spa"), is a business incorporated, operating, and located in the State of Connecticut.

5.      Defendant Ned Lamont is the governor of the state of Connecticut and is sued in his individual and official capacity.

6.      Defendant David Lehman is the Commissioner of the Connecticut Department of Economic and Community Development (DECD) and is sued in his individual and official capacity.

7.      Jurisdiction of this Court is invoked under the provisions of §§1331 and 1343(3) of Title 28 and §§1983 and 1988 of Title 42 of the United States Code.

**FACTUAL ALLEGATIONS**

***The Plaintiffs Build Their American Dream***

8.      Plaintiff Doreen Bastian has owned and successfully operated her spa, Branford River Spa and Resort, for more than a decade.

9.      In 2009, she set up her business in such a way that her daughter, Plaintiff Natalie Bastian, would become the owner of her business upon reaching the state's recognized age for adulthood.

2

10.    Plaintiff Doreen Bastian now lives every mother's dream, managing Branford River Spa and Resort for her adult daughter, Natalie Bastian, and taking maternal pride in its continued success.

11.    Prior to the Defendants' regulations discussed hereinafter, the Plaintiffs' business was thriving, returning strong profits.

### The Defendants Completely Suspend Business In The State of Connecticut

12.    On March 12, 2020, Connecticut Governor Ned Lamont issued an executive order entitled Executive Order No. 7H ordering all businesses that he and Commissioner David Lehman deemed non-essential to close their physical locations due to the ongoing coronavirus pandemic. *See* **Exhibit A – Lamont's Executive Order 7H**.

13.    Upon information and belief, on April 3, 2020, Commissioner Lehman set a policy for spas and salons mandating that their business locations must continue to remain closed, but permitting them to provide services at a client's home if the client chose to. *See* **Exhibit B – Email Correspondence With Rep. Robin Comey.**

14.    Since Governor Lamont issued his executive orders, Commissioner Lehman has maintained a non-transparent waiver system that "allows" businesses to submit a request to the DECD to be declared as essential.

15.    The essential business determination made by the DECD is appealable to Governor Lamont, but, upon information and belief, the appeals only make their way back to Commissioner Lehman's office to rubberstamp the DECD's decision.

### The Plaintiffs Prepare A Comprehensive Safety Plan Before Seeking A Waiver To Reopen

16.    The Plaintiffs never voluntarily closed their business due to the ongoing coronavirus pandemic.

17.     The Plaintiffs were forced to close their business by the actions of the Defendants.

18.     The Plaintiffs desired to remain open for business and would have remained open for business if, as a result of violating the Defendants' orders, they did not anticipate legal consequences including incarceration, fines, and the termination of their business license.

19.     Seeking permission to reopen, they prepared a comprehensive safety plan to ensure the safe reopening of their business. *See* **Exhibit C – Application For Waiver To Non-Essential Business.**

20.     The steps included minimizing the number of people working per shift, a comprehensive sanitation protocol that complied with industry standards, face masks, and enhanced sanitization before and after every customer.

### *The Plaintiffs Seek To Reopen And Are Sent Mixed Messages*

21.     After the Defendants established the waiver system, Plaintiff Doreen Bastian submitted an application on or about April 11, 2020 for a waiver on behalf of the Branford River Spa and Resort to be deemed an essential business. *See* **Exhibit D – Email Submitting Application for Waiver.** Her application included her comprehensive safety plan.

22.     On or about April 13, 2020, Plaintiff Doreen Bastian received an approval notice that was anything but clear. *See* **Exhibit E – Approval of Waiver.**

23.     The first part of the waiver read as follows: "After careful consideration, your request for a waiver to keep your business location open has been APPROVED." *See* **Exhibit F – Approval of Waiver.**

4

24.     The second part of the waiver read as follows: "Additional Comments (if any): The business location must close but you can provide services at a client's home if they choose." *See* **Exhibit G – Approval of Waiver.**

25.     On or about April 13, 2020, Plaintiff Doreen Bastian sought clarification of the waiver from DECD, pointing out that she understood that "the business has been approved." *See* **Exhibit H** – **Email Seeking Clarification of Waiver.** She also pointed out that visiting a client's home would void her liability insurance and present safety issues including "biting dogs, unsanitary environment, or simple unsafe travel." *Id*.

26.     Plaintiff Bastian re-emphasized her safety protocol in the clarification email, including pointing out that only two employees would be allowed per shift and only one client per employee would be allowed. *See* **Exhibit I** – **Email Seeking Clarification of Waiver.** She also stated that everyone would wear masks. *Id*.

27.     Plaintiff Doreen Bastian's correspondence shows a business bending over backwards to meet the Defendants' arbitrary and unreasonable "safety" measures and being told no at every turn.

### *The Plaintiffs Appeal And Are Denied The Ability To Reopen*

28.     On or about April 15, 2020, Plaintiff Doreen Bastian had numerous interactions with Governor Lamont's office in an effort to appeal the DECD's decision.

29.     Throughout her interactions with them, she repeatedly emphasized and explained that what the Defendants were allowing her to do was not responsible and more dangerous than what they were denying her the ability to do. *See* **Exhibit J – Correspondence With Governor Lamont's Office.**

30.     Governor Lamont's office denied her appeal on April 20, 2020, and correspondence from Governor Lamont's office shows that Governor Lamont and his

5

aides did not decide the appeal, but rather Commissioner Lehman – the head of the DECD.

31.    This so-called appeal process merely rubber-stamped an irresponsible, unreasonable, one-size-fits-all decision that denies the existence of such a thing as the responsible exercise of constitutional liberty.

### *The Plaintiffs Are Incurring Crippling Financial Loss And They Will Lose Their Business If The Defendants' Restrictions Remain In Place.*

32.    The Plaintiffs incurred business losses of over $40,000 in April 2020 due to the Defendants' suspension of their ability to operate their business. *See* **Exhibit K – Financial Statements**. To put that in perspective, the Plaintiffs made approximately $11,000 in profit in April 2019.

33.    The Plaintiffs will incur similar devastating losses as long as they are not permitted to operate.

34.    To the extent that the Defendants will permit the Plaintiffs to operate, it is not economically viable because the Plaintiffs would be operating at an even greater loss. In other words, the services that the Plaintiffs would provide would cost them more than they would make due to their inability to operate in their own location.

35.    If the Plaintiffs are allowed to reopen, they can still operate safely while saving their business.

36.    If the Plaintiffs are not allowed to reopen, they will be unable to sustain the financial loss that they are currently incurring and will be forced to close or sell the business that they have worked so hard to build not just for one generation, but multiple generations.

**Count One – Violation of Constitutional Rights of The Right To Pursue A Living**

37.    Paragraphs 1 through 36 are incorporated herein.

38.    The Defendants' order and binding policy guidance limiting the activities of businesses and deciding which businesses can remain open based on their purposes is an unconstitutional restriction that poses a substantial and undue burden on the Plaintiffs' liberty and right to pursue an honest living, thus violating the Privileges or Immunities Clause of the Fourteenth Amendment to the United States Constitution.

39.    The Defendants' order and binding policy guidance limiting the activities of businesses and deciding which businesses can remain open based on their purposes is an unconstitutional restriction that poses a substantial and undue burden on the Plaintiffs' liberty and right to pursue an honest living, thus violating Due Process Clause of the Fourteenth Amendment.

**Count Two – Violation of Constitutional Rights of The Rights To Use of Property**

40.    Paragraphs 1 through 39 of this Complaint are incorporated herein.

41.    The Defendants' actions in providing a waiver for the Plaintiffs to operate their business in uncontrolled environments rather than in a controlled environment in compliance with the Defendants' own previously issued – and now rescinded – binding policy guidance is arbitrary and wholly unreasonable because it promotes a more dangerous activity than it prevents.

42.    The Defendants' order and binding policy guidance poses a substantial and undue burden on the Plaintiffs' liberty and suspends their right to freely use their property in an arbitrary manner, thus violating the Privileges or Immunities Clause of the Fourteenth Amendment to the United States Constitution.

7

43.     The Defendants' order and binding policy guidance poses a substantial and undue burden on the Plaintiffs' liberty and suspends their right to freely use their property in an arbitrary manner, thus violating Due Process Clause of the Fourteenth Amendment.

**Count Three – Violation of Constitutional Rights of The Right To Receive Just Compensation For A Taking of Property**

44.     Paragraphs 1 through 43 of this Complaint are incorporated herein.

45.     The Defendants' order and binding policy guidance limiting the activities of businesses and deciding which businesses can remain open based on their purposes regulates the use of private property to such a degree that it effectively deprives the Plaintiffs of the economically reasonable use of their property to the point where it deprives them of the value of their property, thus violating the Fifth Amendment to the United States Constitution.

46.     The Plaintiffs have received no compensation for the taking of their property nor have they received any promise from the Defendants that they will.

**Count Four – Violation of Constitutional Rights of The Right To Not Be Deprived Of Property Without Due Process of Law**

47.     Paragraphs 1 through 46 of this Complaint are incorporated herein.

48.     The Defendants' order and binding policy guidance limiting the activities of businesses and deciding which businesses can remain open based on their purposes regulates the use of private property to such a degree that it effectively deprives the Plaintiffs of any economically viable use of their property to the point where it deprives them of the value of their property.

49.     Lamont's order deprives the Plaintiffs of their property without due process of law, thus violating the Fourteenth Amendment to the United State Constitution.

## Damages and Injunctive Relief

50.    As to all counts, the plaintiffs seek compensatory damages.

WHEREFORE, the plaintiff seeks damages and injunctive relief as follows:

A. Compensatory and economic damages in an amount deemed fair, just and reasonable;

B. A declaratory judgment invalidating the Defendants' restrictions on the Plaintiffs' business as unconstitutional and an injunction permanently staying its enforcement.

C. Reasonable attorney's fees.

D. Such other relief as this Court deems fair and equitable.

## CLAIM FOR A JURY TRIAL

The plaintiff claims trial by jury in this case.

THE PLAINTIFFS

By /s/ Kevin M. Smith /s/
     KEVIN SMITH
     Pattis & Smith, LLC
     383 Orange Street
     New Haven, CT 06511
     203.393.3017
     203.393.9745 (fax)
     Juris No. 427828
     Ksmith@Pattisandsmith.com

9