**PROPOSED AMENDED COMPLAINT – MARKED COPY**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NATALIE BASTIAN,<br>DOREEN BASTIAN,<br>BRANFORD RIVER SPA AND<br>RESORT, LLC,<br>　　Plaintiffs,<br><br>v.<br><br>GOVERNOR NED LAMONT<br>COMISSIONER DAVID LEHMAN<br><br>　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | DKT No.: 3:20-cv-0733-AVC<br><br><br><br><br><br><br><br><br><br>~~May 28~~August 13, 2020 |

## **AMENDED COMPLAINT**

*"Those who would give up essential Liberty to purchase a little temporary Safety, deserve neither Liberty nor Safety."* - Benjamin Franklin

1.  This is an action that challenges the unprecedented actions of political leaders who have asked Connecticut citizens to give up all of their constitutional liberties in exchange for a little safety and have totally suspended vital constitutional liberties in the name of a vague public interest that they have been unable to define and continue to redefine daily without transparently explaining their rationale to the public. It is also an action for declaratory and injunctive relief and money damages for violations of the Plaintiffs' rights under the United States Constitution against the Defendants for their taking of the Plaintiffs' property and their arbitrary, self-serving application of the law. The plaintiffs seek money damages and injunctive relief as to each defendant.

1

## PARTIES

2. The Plaintiff, Natalie Bastian, is an adult resident of the State of Connecticut.

3. The Plaintiff, Doreen Bastian, is an adult resident of the State of Connecticut.

4. The Plaintiff, ~~Branford River Spa and Resort, LLC (hereinafter "Branford River Spa")~~Bastian's Countryside Day Spa, LLC (hereinafter, "Branford Day Spa"), is a business incorporated, operating, and located in the State of Connecticut.

5. Defendant Ned Lamont is the governor of the state of Connecticut and is sued in his individual and official capacity.

6. Defendant David Lehman is the Commissioner of the Connecticut Department of Economic and Community Development (DECD) and is sued in his individual and official capacity.

7. Jurisdiction of this Court is invoked under the provisions of §§1331 and 1343(3) of Title 28 and §§1983 and 1988 of Title 42 of the United States Code.

## FACTUAL ALLEGATIONS

### *The Plaintiffs Build Their American Dream*

8. Plaintiff Doreen Bastian has owned and successfully operated her spa, ~~Branford River Spa and Resort~~Branford Day Spa, for more than a decade.

9. In 2009, she set up her business in such a way that her daughter, Plaintiff Natalie Bastian, would become the owner of her business upon reaching the state's recognized age for adulthood.

2

10. Plaintiff Doreen Bastian now lives every mother's dream, managing ~~Branford River Spa and Resort~~<ins>Branford Day Spa</ins> for her adult daughter, Natalie Bastian, and taking maternal pride in its continued success.

11. Prior to the Defendants' regulations discussed hereinafter, the Plaintiffs' business was thriving, returning strong profits.

### *The Defendants Completely Suspend Business In The State of Connecticut*

12. On March 12, 2020, Connecticut Governor Ned Lamont issued an executive order entitled Executive Order No. 7H ordering all businesses that he and Commissioner David Lehman deemed non-essential to close their physical locations due to the ongoing coronavirus pandemic. *See* **Exhibit A – Lamont's Executive Order 7H**.

13. Upon information and belief, on April 3, 2020, Commissioner Lehman set a policy for spas and salons mandating that their business locations must continue to remain closed, but permitting them to provide services at a client's home if the client chose to. *See* **Exhibit B – Email Correspondence With Rep. Robin Comey.**

14. Since Governor Lamont issued his executive orders, Commissioner Lehman has maintained a non-transparent waiver system that "allows" businesses to submit a request to the DECD to be declared as essential.

15. The essential business determination made by the DECD is appealable to Governor Lamont, but, upon information and belief, the appeals only make their way back to Commissioner Lehman's office to rubberstamp the DECD's decision.

### *The Plaintiffs Prepare A Comprehensive Safety Plan Before Seeking A Waiver To Reopen*

16. The Plaintiffs never voluntarily closed their business due to the ongoing coronavirus pandemic.

17. The Plaintiffs were forced to close their business by the actions of the Defendants.

18. The Plaintiffs desired to remain open for business and would have remained open for business if, as a result of violating the Defendants' orders, they did not anticipate legal consequences including incarceration, fines, and the termination of their business license.

19. Seeking permission to reopen, they prepared a comprehensive safety plan to ensure the safe reopening of their business. *See* **Exhibit C – Application For Waiver To Non-Essential Business.**

20. The steps included minimizing the number of people working per shift, a comprehensive sanitation protocol that complied with industry standards, face masks, and enhanced sanitization before and after every customer.

### *The Plaintiffs Seek To Reopen And Are Sent Mixed Messages*

21. After the Defendants established the waiver system, Plaintiff Doreen Bastian submitted an application on or about April 11, 2020 for a waiver on behalf of the ~~Branford River Spa and Resort~~Branford Day Spa to be deemed an essential business. *See* **Exhibit D – Email Submitting Application for Waiver.** Her application included her comprehensive safety plan.

22. On or about April 13, 2020, Plaintiff Doreen Bastian received an approval notice that was anything but clear. *See* **Exhibit E – Approval of Waiver.**

23. The first part of the waiver read as follows: "After careful consideration, your request for a waiver to keep your business location open has been APPROVED." *See* **Exhibit F – Approval of Waiver.**

4

24. The second part of the waiver read as follows: "Additional Comments (if any): The business location must close but you can provide services at a client's home if they choose." *See* **Exhibit G – Approval of Waiver.**

25. On or about April 13, 2020, Plaintiff Doreen Bastian sought clarification of the waiver from DECD, pointing out that she understood that "the business has been approved." *See* **Exhibit H** – **Email Seeking Clarification of Waiver.** She also pointed out that visiting a client's home would void her liability insurance and present safety issues including "biting dogs, unsanitary environment, or simple unsafe travel." *Id*.

26. Plaintiff Bastian re-emphasized her safety protocol in the clarification email, including pointing out that only two employees would be allowed per shift and only one client per employee would be allowed. *See* **Exhibit I** – **Email Seeking Clarification of Waiver.** She also stated that everyone would wear masks. *Id*.

27. Plaintiff Doreen Bastian's correspondence shows a business bending over backwards to meet the Defendants' arbitrary and unreasonable "safety" measures and being told no at every turn.

### *The Plaintiffs Appeal And Are Denied The Ability To Reopen*

28. On or about April 15, 2020, Plaintiff Doreen Bastian had numerous interactions with Governor Lamont's office in an effort to appeal the DECD's decision.

29. Throughout her interactions with them, she repeatedly emphasized and explained that what the Defendants were allowing her to do was not responsible and more dangerous than what they were denying her the ability to do. *See* **Exhibit J – Correspondence With Governor Lamont's Office.**

30. Governor Lamont's office denied her appeal on April 20, 2020, and correspondence from Governor Lamont's office shows that Governor Lamont and his

5

aides did not decide the appeal, but rather Commissioner Lehman – the head of the DECD.

31. This so-called appeal process merely rubber-stamped an irresponsible, unreasonable, one-size-fits-all decision that denies the existence of such a thing as the responsible exercise of constitutional liberty.

### *The Plaintiffs Are Incurring Crippling Financial Loss And They Will Lose Their Business If The Defendants' Restrictions Remain In Place.*

32. The Plaintiffs incurred business losses of over $40,000 in April 2020 due to the Defendants' suspension of their ability to operate their business. *See* **Exhibit K – Financial Statements**. To put that in perspective, the Plaintiffs made approximately $11,000 in profit in April 2019.

33. The Plaintiffs will incur similar devastating losses as long as they are not permitted to operate.

34. To the extent that the Defendants will permit the Plaintiffs to operate, it is not economically viable because the Plaintiffs would be operating at an even greater loss. In other words, the services that the Plaintiffs would provide would cost them more than they would make due to their inability to operate in their own location.

35. If the Plaintiffs are allowed to reopen, they can still operate safely while saving their business.

36. If the Plaintiffs are not allowed to reopen, they will be unable to sustain the financial loss that they are currently incurring and will be forced to close or sell the business that they have worked so hard to build not just for one generation, but multiple generations.

**Count One – Violation of Constitutional Rights of The Right To Pursue A Living**

37.　Paragraphs 1 through 36 are incorporated herein.

38.　The Defendants' order and binding policy guidance limiting the activities of businesses and deciding which businesses can remain open based on their purposes is an unconstitutional restriction that poses a substantial and undue burden on the Plaintiffs' liberty and right to pursue an honest living, thus violating the Privileges or Immunities Clause of the Fourteenth Amendment to the United States Constitution.

39.　The Defendants' order and binding policy guidance limiting the activities of businesses and deciding which businesses can remain open based on their purposes is an unconstitutional restriction that poses a substantial and undue burden on the Plaintiffs' liberty and right to pursue an honest living, thus violating Due Process Clause of the Fourteenth Amendment.

**Count Two – Violation of Constitutional Rights of The Rights To Use of Property**

40.　Paragraphs 1 through 39 of this Complaint are incorporated herein.

41.　The Defendants' actions in providing a waiver for the Plaintiffs to operate their business in uncontrolled environments rather than in a controlled environment in compliance with the Defendants' own previously issued – and now rescinded – binding policy guidance is arbitrary and wholly unreasonable because it promotes a more dangerous activity than it prevents.

42.　The Defendants' order and binding policy guidance poses a substantial and undue burden on the Plaintiffs' liberty and suspends their right to freely use their property in an arbitrary manner, thus violating the Privileges or Immunities Clause of the Fourteenth Amendment to the United States Constitution.

43. The Defendants' order and binding policy guidance poses a substantial and undue burden on the Plaintiffs' liberty and suspends their right to freely use their property in an arbitrary manner, thus violating Due Process Clause of the Fourteenth Amendment.

**Count Three – Violation of Constitutional Rights of The Right To Receive Just Compensation For A Taking of Property**

44. Paragraphs 1 through 43 of this Complaint are incorporated herein.

45. The Defendants' order and binding policy guidance limiting the activities of businesses and deciding which businesses can remain open based on their purposes regulates the use of private property to such a degree that it effectively deprives the Plaintiffs of the economically reasonable use of their property to the point where it deprives them of the value of their property, thus violating the Fifth Amendment to the United States Constitution.

46. The Plaintiffs have received no compensation for the taking of their property nor have they received any promise from the Defendants that they will.

**Count Four – Violation of Constitutional Rights of The Right To Not Be Deprived Of Property Without Due Process of Law**

47. Paragraphs 1 through 46 of this Complaint are incorporated herein.

48. The Defendants' order and binding policy guidance limiting the activities of businesses and deciding which businesses can remain open based on their purposes regulates the use of private property to such a degree that it effectively deprives the Plaintiffs of any economically viable use of their property to the point where it deprives them of the value of their property.

49. Lamont's order deprives the Plaintiffs of their property without due process of law, thus violating the Fourteenth Amendment to the United State Constitution.

**Damages and Injunctive Relief**

50. As to all counts, the plaintiffs seek compensatory damages.

WHEREFORE, the plaintiff seeks damages and injunctive relief as follows:

A. Compensatory and economic damages in an amount deemed fair, just and reasonable;

B. A declaratory judgment invalidating the Defendants' restrictions on the Plaintiffs' business as unconstitutional and an injunction permanently staying its enforcement.

C. Reasonable attorney's fees.

D. Such other relief as this Court deems fair and equitable.

## **CLAIM FOR A JURY TRIAL**

The plaintiff claims trial by jury in this case.

THE PLAINTIFFS

By /s/ Kevin M. Smith /s/
KEVIN SMITH
Pattis & Smith, LLC
383 Orange Street
New Haven, CT 06511
203.393.3017
203.393.9745 (fax)
Juris No. 427828
Ksmith@Pattisandsmith.com